IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA COULTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>RECEIVABLES MANAGEMENT SYSTEMS and JOHN DOES 1-25,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiffs, JOSHUA COULTER (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this class action complaint by and through his attorneys, Marcus & Zelman, LLC against Defendant RECEIVABLES MANAGEMENT SYSTEMS (hereinafter "Defendant" or "RMS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiffs brings this class action on behalf of a class of Pennsylvania consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. The Defendant is a debt collector who has sent a collection notice to the Plaintiff which state that a settlement may be reported to the IRS. Under prevailing IRS regulations, settlement of the Plaintiff's debt would never be reported to the IRS. Defendant's statement is therefore both false and misleading, in violation of the FDCPA.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the Downingtown, Pennsylvania, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its principal office located in Richmond Virginia.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

14. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of himself and the following classes:

    - Class A consists of (a) all individuals who were sent an initial collection letter from RMS (b) to an address in Chester County, Pennsylvania (c) in an attempt to collect a consumer debt (d) without identifying the name of the creditor to whom the debt is owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    - Class B consists of (a) all individuals who were sent an initial collection letter from RMS (b) to an address in Chester County, Pennsylvania (c) in an attempt to collect a consumer debt (d) which states "If you feel that this balance may be due

3

from your insurance carrier, please contact your carrier **prior** to contacting the representative at the extension listed below" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e and 1692g.

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

19. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant

to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692g.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

   number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to September 08, 2016, an obligation was allegedly incurred by Plaintiff to Patient First.

25. The Patient One obligation arose out of a personal credit card debt in which money, property, insurance or services, which are the subject of the transactions utilized on the personal credit card, are primarily for personal, family or household purposes.

26. The alleged Patient One obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Patient One or a subsequent owner of the Patient One alleged debt hired the Defendant to

collect the debt.

28. Defendant contends that the alleged debt is past due.

29. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

30. On or about September 08, 2016, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged debt. *See* **Exhibit A.**

31. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

32. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

33. Upon information and belief, the Letter was the first communication between the Defendant and the Plaintiff with regard to the alleged debt.

34. The Letter stated in part:

> "If you feel that this balance may be due from your insurance carrier, please contact your carrier **prior** to contacting the representative at the extension below"

35. The Letter continues:

> "Our Collection Representatives are available to work with you between the hours of 8:30am and 4:30pm. Mail your payment or call today.
>
> Collection Representative: Phil Irvin
>
> Extension 3141"

36. The Plaintiff, as would any least sophisticated consumer, read the above statement and believed that if he had a dispute regarding the balance due, he must dispute it with his insurance carrier before he can dispute it with the Defendant.

37. The Plaintiff, as would any least sophisticated consumer, read the above statement and believed that if he wants to dispute the balance of the alleged debt, he can do so by contacting the representative at the extension number listed below.

38. Pursuant to §15 U.S.C. 1692g of the FDCPA, a debt collector must provide a consumer with his or her validation rights, notifying them of their rights to dispute the debt directly with the debt collector, and such a notice cannot be overshadowed by other language in the letter.

39. By stating that the Plaintiff has to dispute the alleged debt with his insurance carrier **prior** to disputing it with the Defendant, the Defendant overshadowed Plaintiff's validation rights.

40. Furthermore, in order for a dispute to be legally effective, and invoke the protections afforded by 1692g, a consumer's dispute must be made in writing. See *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991).

41. By advising the Plaintiff to call the Collection Representative at his extension, if the Plaintiff believes that he does not owe the debt or a portion of it, the Defendant overshadowed the Validation Notice. See *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F. 3d 142 (3d Cir. 2013).

42. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

43. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

44. In *Datiz v. Int'l Recovery Assocs., Inc.*, the Court held that an initial letter that merely states "Re: John T. Mather Hospital", is not without more sufficient to satisfy the requirements

under 1692g. See, *Datiz v. Int'l Recovery Assocs., Inc.,* No. 15CV3549ADSAKT, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016), motion for relief from judgment denied, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017).

45. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing Miller v. Payco–General Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir.1991).

46. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

47. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

48. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

49. In this Letter, Defendant failed to identify to whom the current creditor that the Defendant was attempting to collect for was.

50. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

51. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

55. Pursuant to 15 U.S.C. §1692e(10), a debt collector is prohibited from utilizing a false representation or deceptive means to collect or attempt to collect a consumer debt.

56. The Defendant violated said section by stating that the consumer must contact his insurance carrier before he can dispute the debt and/or by falsely stating that the consumer can legally dispute the debt by calling.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692g *et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

60. Pursuant to 15 USC §1692g, a debt collector:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (1) The amount of the debt;
> (2) The name of the creditor to whom the debt is owed;
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

61. The Defendant violated said section by:

    a. Overshadowing the validation notice in violation of 1692g(b); and

    b. Failing to name the creditor to whom the debt is owed in violation of 1692g(a)(2).

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari H. Marcus as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

Case 2:17-cv-03970-JS   Document 1   Filed 09/05/17   Page 12 of 12

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 01, 2017

/s/ Ari Marcus
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*

12