**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSHUA COULTER, individually and on behalf of all others similarly situated, | Civil Case Number: 2:17-cv-3970-JS |
| Plaintiff, | |
| -v- | **CIVIL ACTION** |
| RECEIVABLES MANAGEMENT SYSTEMS, | |
| Defendant. | |

**CLASS SETTLEMENT AGREEMENT**

This Class Settlement Agreement dated as of August ___, 2019 (hereinafter, the "Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, Joshua Coulter, on behalf of himself and each of the Settlement Class members, by and through Class Counsel; and (ii) the Defendant, IO, Inc. t/d/b/a Receivables Management Systems, by and through its counsel of record in this Action. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

**RECITALS**

1.     **Parties.** Defendant, IO, Inc. t/d/b/a Receivables Management Systems ("Defendant" or "RMS"), and Plaintiff, Joshua Coulter ("Plaintiff"), individually, and as representative of the class of persons defined below in ¶10 (hereinafter, the "Settlement Class"), enter into this Agreement to resolve the claims asserted by Plaintiff and the Settlement Class in the Litigation defined below in ¶2. Plaintiff and RMS are collectively referred to hereinafter as the "Parties."

1

2.     **Nature of Litigation.** On September 5, 2017, Plaintiff, individually and on behalf of the Settlement Class, filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania,  which was captioned as *Joshua Coulter v. Receivables Management Systems,* Case No. 2:17-cv-03970-JS (ECF No. 1) (hereinafter, the "Complaint" or "Litigation"). Plaintiff alleges in his Complaint that RMS violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), by sending consumers residing in Chester County written collection communications which overshadowed their validation rights.

3.     **RMS's Desire to Settle the Litigation.** RMS desires to settle the claims to avoid additional expense, burden, and uncertainty of further litigation, and to put to rest all claims asserted in the Litigation and all claims which could have been asserted by Plaintiff or the  Settlement Class against RMS in the Litigation.

4.     **Plaintiff's Desire to Settle the Litigation.**  Plaintiff, individually and on behalf of the Settlement Class, desires to settle their claims against RMS, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5.     **Investigation by Plaintiff's Counsel.**  Plaintiff's counsel has conducted an extensive investigation of the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.     **Scope of Settlement.**  In consideration of the foregoing and other valuable consideration, Plaintiff and RMS collectively agree to settle the claims of the Plaintiff and the

Settlement Class asserted in the Litigation and all claims which could have been asserted by Plaintiff or the Settlement Class against RMS in the Litigation arising from the collection letters at issue in the Litigation, subject to the Court's approval, on the following terms and conditions.

## TERMS

7.    **Effective Date.**  This Agreement shall become effective (hereinafter, the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with prejudice the claims alleged by Plaintiff and the Settlement Class in the Litigation; and, (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

8.    **Class Counsel.**  Class Counsel means the following counsel for the Class Representative and the Settlement Class:

> Ari H. Marcus, Esq.
> Marcus & Zelman LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712

9.    **Defense Counsel.**  Defense Counsel means the following counsel for RMS:

> Thomas G. Collins, Esq.
> Buchanan Ingersoll & Rooney PC
> 409 North Second Street, Suite 500
> Harrisburg, Pennsylvania 17101

10.     **Certification of Settlement Class.** For the purposes of settlement of the Litigation, the Parties stipulate to the certification of the following Settlement Class:

All consumers who were sent an initial collection letter from Defendant, with an address in Chester County, Pennsylvania, during the period of September 5, 2016 to March 3, 2017, attempting to collect a consumer debt, which stated: "If you feel that this balance may be due from your insurance carrier, please contact your carrier prior to contacting the representative at the extension listed below."

11.     **Class Size.**     During discovery, RMS has provided information to Class Counsel in regard to the number of members of the Settlement Class. Specifically, that there are approximately 308 persons in the Settlement Class.

12.     **Net Worth.** The Parties acknowledge that the FDCPA limits class recovery of statutory damages up to the lesser of $500,000.00 or 1% of RMS's net worth. During discovery, RMS has made certain representations to Class Counsel concerning its net worth. As a result of significant in-depth settlement discussions and negotiations, the Parties have agreed RMS will pay $15,400.00 in statutory damages to the Settlement Class, which represents an award of approximately $50.00 for each Settlement Class member. Under the circumstances, the Parties agree that this amount is fair and reasonable.

13.     **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, RMS shall provide the following relief to Plaintiff and the Settlement Class:

(a)     RMS will create a class settlement fund of $15,400 (hereinafter, the "Class Recovery"), which the Class Administrator, ILYM Group, Inc., will distribute *pro rata*, among those Settlement Class members who do not exclude themselves (hereinafter, the "Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. The shares of any of the Settlement Class members who cannot be located because the Notice set forth in ¶ 22 has been returned as "undeliverable" will be donated as set forth in ¶ 13(c). Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ 13(c).

(b)     RMS shall pay $1,000.00 to Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus $1,500 in recognition for his services to the Settlement Class. This payment will be separate and apart from the Class Recovery.

(c)     The shares of any of the Settlement Class members who cannot be located and any checks that have not been cashed by the void date will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to The Chester County Legal Aid, and that the award will be expressly earmarked for the benefit of Pennsylvania consumers. The Parties' selection of the foregoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing.

(d)     RMS agrees to satisfy the expenses of the Class Administrator in addition to its contribution towards the Class Recovery, contribution to Plaintiff, and attorneys fees and costs. RMS reserves the right to select such Class Administrator and to negotiate terms with such Class Administrator.

14.     **Attorneys' Fees**. RMS agrees to pay Plaintiff's reasonable attorneys' fees and costs as provided under 15 U.S.C. § 1692k. Such payments shall be separate and apart from the Class Recovery. RMS agrees that Settlement Class Counsel shall be entitled to receive $52,100.00, which covers all fees and all expenses arising out of the Litigation. The award of fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Upon payment of $52,100.00 to Class Counsel, RMS shall have no further obligation with respect to Class Counsels' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class member.

15.     **Time Period for Exclusion / Objection**. Settlement Class members shall have forty-five (45) days after mailing of the notice of the proposed settlement to exclude themselves from, or object to, the proposed settlement.

16.     **Exclusion from Settlement Class**. Any Settlement Class member may seek to be excluded from the Agreement by opting out within the time period set by this Court.

Any Settlement Class members desiring to exclude themselves from the Litigation must serve copies of the request on the Class Administrator by the date set by the Court. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

17. **Objection to Settlement.** Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and RMS's counsel at the addresses set forth in ¶ 30 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

18. **Payment of Settlement Funds.** Within 14-days following the Effective Date, RMS shall distribute all monies set forth in ¶13(a) to the Class Administrator, ILYM Group, Inc., located at P.O. Box 2031, Tustin, CA 92871. The Class Administrator shall then distribute all such payments as soon as practical. RMS shall further make any payments required under ¶13(d) to the Class Administrator within 30-days of any invoice from the Class Administrator.

19. **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)   Plaintiff, Joshua Coulter, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively, the "Releasors"), releases and discharges RMS, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers,

directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in the Litigation, including all claims relating to RMS's collection activity.

(b)     Each member of the Settlement Class who does not opt out releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs, arising out of or related to the Litigation, including any claim arising out of RMS's collection activity of sending initial collection notices which allegedly violate the FDCPA by overshadowing the consumer's validation rights by stating: "If you feel that this balance may be due from your insurance carrier, please contact your carrier prior to contacting the representative at the extension listed below."

20.     The releases set forth herein are conditioned upon the Court's approval of the Agreement and RMS meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

21.     **Class Administrator Costs and Related Matters.** Consistent with ¶13(d) above, as each cost or expense is incurred and invoiced by the Class Administrator, RMS shall pay directly to the Class Administrator all the reasonable costs and expenses necessary to administer and facilitate the settlement, including, but not limited to, the costs and expenses of printing and mailing any required notice and issuing and mailing settlement checks to Settlement Class members.

22.     **Notice.** Within thirty (30) days of entry of the Preliminary Approval Order, RMS

7

shall, through the Class Administrator, cause actual notice in the form of Exhibit 1, to Settlement

Class members using RMS's last known addresses for the Settlement Class members.  The Class

Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding.

Each notice shall be sent with a request for forwarding addresses.  In the event that a notice is

returned as undeliverable and a forwarding address is provided, the Class Administrator shall

cause to be forwarded any such returned notice to the address provided within four (4) days of

receipt.  Neither the Class Administrator, nor RMS is required to skip trace any notices that are

returned as undeliverable.

       23.    **Class Action Fairness Act.**  RMS shall provide notice of this proposed class

settlement to the appropriate state  and  federal  authorities,  and  file  proof  of  same  with  the

Court,  in  compliance  with  the  Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

       24.    **Preliminary Approval.** As soon as practicable after execution of this

Agreement, the Parties shall make application to the Court for the Preliminary Approval Order,

attached as   Exhibit 2, which:

    (a)    Preliminarily approves this Agreement;

    (b)    Certifies the Settlement Class defined in ¶ 10 for settlement purposes;

    (c)    Appoints Ari H. Marcus, Esq., as Class Counsel;

    (d)    Appoints Plaintiff, Joshua Coulter, as the representative of the Settlement Class;

    (e)    Sets dates for Settlement Class members to opt-out or to object;

    (f)    Schedules a hearing for final approval of this Agreement;

    (g)     Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to

the last known address of the Settlement Class members as shown in RMS's business

records;

(h)       Finds that mailing of the Settlement Class notice and the other measures

specified  in ¶ 22 are the only notice required to the Settlement Class and that such

notice  satisfies the requirements of due process pursuant to the Federal Rules of Civil

Procedure, including Rule 23, the United States Constitution, and any other  applicable

laws.

25.    **Form of Notice and Order.**  The Parties agree to request the form of notice

attached hereto as Exhibit 1 and propose the form of preliminary approval order attached

hereto as Exhibit 2. The fact that the Court may require non-substantive changes in the

proposed class notice or preliminary approval order does not invalidate this Agreement.

26.    **Final Approval.** At the conclusion of, or as soon as practicable after, the close

of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the

expiration  of at least ninety (90) days from the preliminary approval of the settlement (as

required by CAFA), Plaintiff, Class Counsel and RMS shall request that the Court enter a

Final Order:

(a)      approving the terms of this Agreement as fair, reasonable, and adequate;

(b)      providing for the implementation of its terms and provisions;

(c)      certifying for purposes of settlement the Settlement Class;

(d)      finding that the notice given to the Settlement Class satisfies the requirements

of  due process pursuant to the Federal Rules of Civil Procedure, including

Rule 23,  the United States Constitution, and any other applicable laws;

(e)      dismissing the claims of Plaintiff and the Settlement Class alleged in the

Complaint with prejudice and without costs;

(f)      retaining exclusive jurisdiction to enforce the terms and provisions of this

9

Agreement;

(g)    directing RMS, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed; and

(h)    directing that ten (10) days after the filing of the notice contemplated in ¶ 26(g) above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or RMS.

27.    **Form of Final Order.**  The Parties agree to request the form of final order attached hereto as Exhibit 3. Any required, non-substantive changes in the final order will not invalidate this Agreement.

28.    **Release of Attorneys' Lien.**  In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 19(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise.

29.    **Miscellaneous Provisions.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of RMS of any liability to the Settlement Class.

30.    **Notice of Exclusion / Objection.**  of exclusion requests and objections related

to this Agreement shall be sent to:

>       Ari H. Marcus, Esq.
>       Marcus & Zelman LLC
>       701 Cookman Avenue, Suite 300
>       Asbury Park, New Jersey 07712

Notices to RMS shall be sent to:

>       Thomas G. Collins, Esq.
>       Buchanan Ingersoll & Rooney PC
>       409 North Second Street, Suite 500
>       Harrisburg, Pennsylvania 17101

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

31.     **Entire Agreement.**  The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

32.     **Counterparts.**  This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

33.     **Successors and Assigns.**  Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

34.     **Governing Law.**  This Agreement shall be governed by and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

35.    **Retention of Settlement Class List**. If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, and intending to be bound hereby, have so agreed.

**Defendant:**
IO, Inc. t/d/b/a Receivables Management
Systems

**Plaintiff:**

_____      _____

By:                                  Ramsey Coulter
Dated:                               Executor of Estate of Joshua Coulter
                                     Dated: 08/21/19

35.    **Retention of Settlement Class List.** If final approval is granted, the Parties shall retain the Settlement Class list and a  list of Settlement Class members who opted out or excluded themselves for six months  thereafter, and may destroy them after that period.

**IN  WITNESS  WHEREOF**, the  Parties  hereto,  acting  by  and  through  their respective  counsel of record, and intending to be bound hereby, have so agreed.

**Defendant:**                                                    **Plaintiff:**
IO, Inc. t/d/b/a Receivables Management
Systems

_____          _____
By:                                                                Ramsey Coulter
Dated: September 18, 2019                       Executor of Estate of Joshua Coulter
                                                                    Dated: