### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA COULTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>RECEIVABLES MANAGEMENT SYSTEMS,<br><br>Defendant. | Civil Case Number: 17-3970-JS<br><br><br><u>**CIVIL ACTION**</u><br><br>**PRELIMINARY APPROVAL ORDER** |

The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, Joshua Coulter ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant Receivables Management Systems ("RMS")

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

    A.    The Settlement Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Settlement Class.

    C.    The individual claims of Plaintiff are typical of the claims of the Settlement Class;

    D.    Plaintiff is an appropriate and adequate representative for the Settlement Class;

    E.    The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

    F.    A class action is superior to other methods for fairly and efficiently settling this controversy;

    G.    With respect to the appointment of Settlement Class Counsel under Fed. R. Civ.

      P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Ari Marcus will fairly and adequately represent the interests of the Settlement Class;

H.    With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.    and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as:

    All consumers who were sent an initial collection letter from Defendant, with an address in Chester County, Pennsylvania, during the period of September 05, 2016 to present, attempting to collect a consumer debt, which stated "If you feel that this balance may be due from your insurance carrier, please contact your carrier prior to contacting the representative at the extension listed below."

    (b) defines the "Class Claims" as those claims arising from RMS's collection letters, wherein RMS sent consumers an initial written collection communications which misled the consumer to believe they can dispute an alleged debt over the phone by stating "If you feel that this balance may be due from your insurance carrier, please contact your carrier prior to contacting the representative at the extension listed below."

    (c) appoints Plaintiff as the Class Representative; and

    (d) appoints Plaintiff's counsel Ari Marcus as Class Counsel.

2. The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of the Settlement Class Members as shown in RMS's business records. The Class Administrator will cause the Class Notice to be mailed to Settlement Class members on or before **March 13, 2020**. The Class Administrator will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class members shall have until **April 27, 2020**, to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and RMS by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of Pennsylvania, and serve copies of the objection on counsel for both Plaintiff and RMS by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, the request for exclusion or objection must be postmarked by **April 27, 2020**.

5. If not already filed, RMS shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6.     A final hearing on the settlement agreement and the request for fees and expenses will be held on **May 18, 2020 at 9:30 a.m.** in Courtroom 14B.

                            **IT IS SO ORDERED:**

                 /s/ Juan R. Sánchez
                 Honorable Juan R. Sanchez
                 Chief Judge, United States District Court

                 Dated: February 13, 2020