IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAMSEY COULTER, as Administrator of the Estate of JOSHUA CHAD-AUSTIN COULTER, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**RECEIVABLES MANAGEMENT SYSTEMS,**<br><br>**Defendant.** | Civil Case No.: 2:17-cv-03970-JS<br><br>**FINAL APPROVAL ORDER** |

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement (hereinafter, "Agreement") between Plaintiff Ramsey Coulter, as Administrator of the Estate of Joshua Coulter (hereinafter, "Plaintiff"), individually and as representative of the class of persons defined below (hereinafter, the "Settlement Class"), and Defendant IO, Inc. t/d/b/a Receivables Management Systems (hereinafter, "RMS" or "Defendant") (with Plaintiff, collectively, the "Parties"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Settlement Class members, and RMS.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

   All consumers who were sent an initial collection letter from Defendant, with an address in Chester County, Pennsylvania, during the period of September 5, 2016 to March 3, 2017, attempting to collect a consumer debt, which stated: "If you feel that this balance may be due from your insurance carrier, please contact your carrier prior to contacting the representative at the extension listed below."

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently

numerous such that joinder of all members is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and include whether or not RMS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by sending consumers written collection communications that overshadowed their validation rights by stating: "If you feel that this balance may be due from your insurance carrier, please contact your carrier prior to contacting the representative at the extension listed below"; (C) Plaintiff's claim is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class, and his attorney, Ari H. Marcus, Esq., is hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 306 Settlement Class members by First Class, Inc., the third-party settlement administrator. A total of 20 envelopes were returned by the United States Postal Service, with no forwarding address. No Settlement Class members requested exclusion, and no objections were filed or received. A total of 286 Settlement Class members are entitled to a share of the monetary benefits of the settlement.

5. On May 18, 2020, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited.

6. The Court finds that provisions for notice to the class satisfy the due process requirements pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by

3

RMS.  Upon the Effective Date, as that term is defined in the Agreement, RMS shall make the following payments:

    (a)    RMS shall create a class settlement fund of $15,400.00 (hereinafter, "Class Recovery"), which the Class Administrator shall distribute *pro rata* among those Settlement Class Members who did not exclude themselves (hereinafter, "Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check.  The shares of any of the Settlement Class Members who could not be located will be donated as a *cy pres* award to Chester County Legal Aid, and the award will be expressly earmarked for the benefit of Pennsylvania consumers.  Checks issued to Claimants will be void sixty (60) days from the date of issuance.  Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will also be donated as a *cy pres* award to Chester County Legal Aid.

    (b)    RMS shall pay Plaintiff $2,500.00.

    (c)    RMS shall pay Class Counsel $52,100.00 for their attorneys' fees and costs incurred in the action under the terms listed in the Settlement Agreement.  Class Counsel shall not request additional fees or costs from RMS or the Settlement Class members.

8.    The Parties grant the following releases:

    (a)    Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively, the "Releasors"), releases and discharges RMS, as well as its parent corporations, predecessors and successors in interest, and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries,

representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit, including all claims relating to RMS's collection activity.

(b)    Each member of the Settlement Class who does not opt out releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs, arising out of or related to this litigation, RMS's collection activity of sending initial collection notices which allegedly violate the FDCPA by overshadowing the consumer's validation rights by stating: "If you feel that this balance may be due from your insurance carrier, please contact your carrier prior to contacting the representative at the extension listed below."

9.    The Court finds the Agreement is fair and made in good faith.

10.    The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

11.    The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12.    The Court retains exclusive jurisdiction to enforce the terms and provisions of the

Agreement and this Order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____/s/ Juan R. Sánchez_____
Juan R. Sánchez
Chief Judge

Dated:  June 4, 2020